IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MACROSOLVE, INC.,<br><br>  Plaintiff,<br><br> v.<br><br>(1) AT&T INC.;<br>(2) AT&T MOBILITY LLC;<br>(3) SALESFORCE.COM, INC.;<br>(4) DELL INC. dba DELL SERVICES;<br>(5) GROUPON, INC.;<br>(6) LIVINGSOCIAL, INC.; and<br>(7) CITIGROUP INC.,<br><br>  Defendants. | CIVIL ACTION NO. 6:11-CV-490<br><br>ORIGINAL COMPLAINT FOR<br>PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendants, alleging, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

### PARTIES

  1. MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

  2. Defendant AT&T INC. is a corporation organized under the laws of Delaware, with a principal place of business at 208 S. Akard Street, Dallas, Texas 75202. AT&T can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

  3. Defendant AT&T MOBILITY LLC ("AT&T Mobility") is a limited liability company organized under the laws of Delaware, with a principal place of business at 5565 Glenridge Connector, Ste. 510; Atlanta, Georgia 30342. AT&T Mobility can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

4.     Defendant SALESFORCE.COM, INC. ("Salesforce") is a corporation organized under the laws of Delaware, with a principal place of business in San Francisco, California.  Salesforce can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

5.     Defendant DELL INC. dba DELL SERVICES ("Dell Services") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 2300 West Plano Parkway; Plano, Texas 75075.  Dell can be served via its registered agent for service of process:  Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

6.     Defendant GROUPON, INC. ("Groupon") is a corporation organized under the laws of Delaware, with a principal place of business in Chicago, Illinois.  Groupon is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas.  Accordingly, Groupon can be served under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, by serving the Secretary of State.  Groupon's home, home office, and principal office address is 600 West Chicago Avenue; Chicago, IL 60654.

7.     Defendant LIVINGSOCIAL, INC. ("LivingSocial") is a corporation organized under the laws of Delaware, with a principal place of business in Washington D.C.  LivingSocial is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas.  Accordingly, LivingSocial can be served under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, by serving the Secretary of State.  Living Social's home, home office, and principal office address is 1445 New York Ave. NW, Ste. 200; Washington, DC 20005.

8.     Defendant CITIGROUP INC. ("Citigroup") is a corporation organized under the laws of the state of Delaware, with a principal place of business in New York, New York.  Citigroup can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

**JURISDICTION AND VENUE**

9. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

11. Each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,822,816**

12. On October 26, 2010, United States Patent No. 7,822,816 ("the 816 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method for Data Management." A true and correct copy of the 816 patent is attached hereto as Exhibit A.

13. MacroSolve is the owner of the 816 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 816 patent against infringers, and to collect damages for all relevant times.

14. AT&T Inc. and AT&T Mobility (collectively "AT&T") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least AT&T Mobile Enterprise Application Platform products and/or services and/or ProntoForms products and/or services) that infringed one or more claims of the 816 patent, and/or AT&T induced

3

infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

15. Salesforce directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Force.com application development platform products and/or services) that infringed one or more claims of the 816 patent, and/or Salesforce induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

16. Dell Services directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Dell Mobility Application Platform products and/or services) that infringed one or more claims of the 816 patent, and/or Dell Services induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

17. Groupon directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least mobile groupon products and/or services) that infringed one or more claims of the 816 patent, and/or Groupon induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

18. LivingSocial directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least mobile deal products and/or services) that infringed one or more claims of the 816 patent, and/or LivingSocial induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

19. Citigroup directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its mobile banking products and/or services) that infringed one

or more claims of the 816 patent, and/or Citigroup induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against defendants, and that the Court grant MacroSolve the following relief:

a. Judgment that one or more claims of the 816 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement has been induced by defendants;

b. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the 816 patent;

c. Judgment that defendants account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of defendants' infringing activities and other conduct complained of herein;

d. That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 15, 2011                    Respectfully submitted,

   /s/  Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

Attorneys for MacroSolve, Inc.